# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| HEYWARD DYCHES individually and on behalf of all others similarly situated,<br><br>v.<br><br>LAREDO PETROLEUM, INC. | Case No.: 7:20-cv-00100<br>Collective Action (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Laredo employs a large contingent of oilfield workers that it unlawfully excludes from overtime pay. It labels these workers as independent contractors and pays them day rates, even though they are part of Laredo's permanent workforce, often working 7 days per week for 80+ hours at Laredo's beck and call. Because this practice results in non-payment of overtime wages to Heyward Dyches and other similarly situated workers, Dyches brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Dyches's claim occurred in this district and Laredo maintains an office in this district.

### THE PARTIES

4. Dyches was employed by Laredo as a day rate oilfield worker.

5.    Laredo is a publicly traded energy company with operations currently focused in the Permian Basin.

6.    At all relevant times, Laredo's gross annual revenues exceeded $200 million.

7.    As part of its operations, Laredo drills and services oil wells.

8.    Laredo employed and/or jointly employed Dyches and the Class Members as day rate oilfield workers and labeled them as independent contractors.

9.    Dyches brings this action on behalf of himself and all other similarly situated oilfield workers who were paid a day rate with no overtime pay who were labeled by Laredo as independent contractors.

10.   Laredo paid these workers a day rate, without the overtime pay required by the FLSA.

11.   Dyches's written consent to be a party plaintiff is attached as Exhibit 1.

12.   Dyches seeks to represent a class of similarly situated day rate workers under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All current and former oilfield workers working for Laredo who were paid a day rate and classified as independent contractors during the last three years (the "Class Members").**

## FACTS

13.   At all times hereinafter mentioned, Laredo has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.   At all times hereinafter mentioned, Laredo has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.   At all times hereinafter mentioned, Laredo has been, or has been part of, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than the statutorily required $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Laredo has at least two employees that handle, work on, or sell goods or materials that were produced for interstate commerce or that traveled in interstate commerce, including vehicles, computers, telephones, office equipment, and oilfield tools.

17. Dyches and the Class Members performed duties for Laredo that were integral to its operations, including performing Laredo's oilfield work.

18. Dyches was employed by Laredo from January 2018 to November 2019.

19. Laredo paid Dyches and the Class Members a day rate with no overtime premium for hours worked in excess of 40 in a workweek.

20. Throughout Dyches's employment with Laredo, Laredo paid him on a day rate basis.

21. Dyches and the Class Members work for Laredo under its day rate pay scheme.

22. If Dyches and the Class Members did not work, they did not get paid.

23. Dyches and the Class Members receive a day rate.

24. Dyches and the Class Members do not receive overtime pay.

25. This is despite the fact that Dyches and the Class Members often work 12 or more hours a day, for 7 days a week, for weeks at a time.

26. Dyches was always on call, required to report to Laredo's well sites at any time of day or night with little to no notice.

27. Dyches was not free to turn down orders from Laredo to report to well sites for work.

28. Dyches was required to drop everything and go when he got the call from Laredo, even on scheduled days off and holidays.

29. Dyches received a day rate for each day he worked for Laredo.

30. Dyches's day rate was $1,200 per day.

31. Although Dyches typically worked 7 days a week, for 12 or more hours per day, he did not receive any overtime pay.

32. Dyches and the Class Members received a day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

33. Dyches and the Class Members are not employed on a salary basis.

34. Dyches and the Class Members do not, and never have, received guaranteed weekly compensation irrespective of the days worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

35. Dyches and the Class Members work in accordance with the schedule set by Laredo.

36. For example, Dyches reported directly to his Superintendent, who was a Laredo W-2 employee.

37. Dyches's work schedule is typical of the Class Members.

38. Laredo controls Dyches' and the Class Members' pay.

39. Likewise, Laredo controls Dyches' and the Class Members' work.

40. Laredo requires Dyches and the Class Members follow Laredo's and/or its clients' policies and procedures.

41. Dyches and the Class Members' work must adhere to the quality standards put in place by Laredo and/or its clients.

42. Dyches and the Class Members are part of a permanent workforce employed to perform all of Laredo's oilfield work.

43. Laredo provides all the meaningful capital investment required for Dyches and the Class Members to be able to work.

44. Dyches and the Class Members do not provide anything beyond what employees ordinarily provide to do their work.

45. Dyches and the Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

46. At all relevant times, Laredo (and/or its clients) maintained control over Dyches and the Class Members via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

47. Dyches and the Class Members do not have the power to hire or fire any employees.

48. Dyches's working relationship with Laredo is similar to Laredo's relationship with the Class Members

49. Laredo knew Dyches and the Class Members worked more than 40 hours in a week.

50. Laredo knew, or showed reckless disregard for, whether the Class Members were entitled to overtime under the FLSA.

51. Nonetheless, Laredo failed to pay Dyches and the Class Members overtime.

52. Laredo willfully violated the FLSA.

## CAUSE OF ACTION

53. By failing to pay Dyches the Class Members overtime at one-and-one-half times their regular rates, Laredo violated the FLSA's overtime provisions.

54. Because Laredo knew, or showed reckless disregard for whether, its pay practice violated the FLSA, Laredo owes these wages for the past three years.

55. Laredo owes Dyches and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

56. Dyches and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

**RELIEF SOUGHT**

57. WHEREFORE, Dyches seeks relief against Laredo as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. Judgment pursuant to Section 16(b) of the FLSA finding Laredo liable for unpaid back wages due to Dyches and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

   c. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: **/s/ David I. Moulton**
 Richard J. (Rex) Burch
 Texas Bar No. 24001807
 David I. Moulton
 Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

          Michael A. Josephson
          Texas Bar No. 24014780
          Andrew W. Dunlap
          Texas Bar No. 24078444
          **JOSEPHSON DUNLAP LAW FIRM**
          11 Greenway Plaza, Ste. 3050
          Houston, Texas 77046
          Telephone:    (713) 352-1100
          Telecopier:    (713) 352-3300
          mjosephson@mybackwages.com
          adunlap@mybackwages.com

          **Attorneys for Plaintiff**